**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **RODRIGUEZ-MEZA, ET AL.,** | § § § | |
| **Plaintiffs** | § § | |
| **vs.** | § § § | **No. 2:17-CV-00054-AM-CW** |
| **VENEGAS, EL AL.,** | § § § | |
| **Defendants.** | § § § § | |

**DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6),
AND SUPPORTING BRIEF**

Under FED. R. CIV. P. 12(b)(6), Defendants Longfellow Ranch Partners, LP, Longfellow Ranches, LLC and Malone Mitchell, Jr. d/b/a Mitchell Ranch (collectively "the Longfellow Defendants") file this Motion to Dismiss Plaintiffs' Second Amended Complaint ("Complaint") [Dkt. 17] and supporting brief.

**I.**

**STATEMENT OF THE ISSUES TO BE RULED ON BY THE COURT**

On January 18, 2018, Plaintiffs filed the Complaint [Dkt. 17].  The Complaint appears to allege causes of action for Breach of Contract, violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 *et seq.* for failure to pay minimum wage and overtime, breach of H-2A Contract, as well as violations of the and Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §§ 1961 *et seq.* ("RICO") and Quantum Meruit. [Dkt. 17].  This motion is Defendants' first response to Plaintiffs' pleadings in this lawsuit.  Defendants move to dismiss

Plaintiffs' lawsuit because their Complaint fails to allege standing,[1] lacks sufficient specificity,[2] and fails to allege any plausible claim that the Longfellow Defendants violated the FLSA or RICO. Defendants seek dismissal under FED. R. CIV. P. 12(b)(6).

Rule 12(b)(6) provides that a claim for relief may be dismissed when the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations and unwarranted deductions of fact are not admitted as true . . . ." *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). The Court "may not rely upon . . . legal conclusions disguised as factual allegations." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

## II.

## LEGAL ARGUMENT

### A.    Plaintiffs Failed to Plead a Breach of Contract or H-2A Contract Claim.

Plaintiffs' breach of contract claim fails to clearly identify the contract terms at issue, facts constituting breach, and how the Longfellow Defendants are third-party beneficiaries of any purported contracts and should be dismissed for failure to state a claim.

Plaintiffs never specifically identify how the Longfellow Defendants were third-party beneficiaries to the purported contracts formed by the H-2A and clearance orders. Plaintiffs do

---

[1] *See Howard v. John Moore, LP*, No. H-13-1672, 2014 U.S. Dist. LEXIS 42795, at *7 (S.D. Tex. Mar. 31, 2014); *see also Velazquez v. El Pollo Regio IP, LLC et al.*, 3:15-cv-03170, 2016 WL 3669876 at *2 (N.D. Tex. Jul. 11, 2016); *see also Joaquin v. Coliseum Inc.*, No. A-15-cv-00787-LY, 2016 U.S. Dist. LEXIS 91265 (W.D. Tex. Jul. 13, 2016) (Austin, Mag.).

[2] *See Coleman v. John Moore Services, Inc.*, H-13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014).

not cite any facts or contract language to support their conclusory allegation that Longfellow Ranch Partners, LP or Longfellow Ranches, LLC were allegedly parties or third-party beneficiaries of any contract with Plaintiffs. *See* Compl. at ¶ 297. Further, Plaintiffs do not provide facts to show that Malone Mitchell, Jr. dba Mitchell Ranches was a third party beneficiary of the work contracts that allegedly formed the bases of the H-2A itineraries. *See* Compl. at ¶ 297.

Moreover, Plaintiffs fail to allege what the contract terms were that the Longfellow Defendants violated or how the Longfellow Defendants actually violated them. Plaintiffs' conclusory and threadbare allegations should be disregarded under *Iqbal*. *See* 556 U.S. at 678. When these conclusions are disregarded, Plaintiffs' allegations do not include facts showing the existence of contracts or a breach by the Longfellow Defendants. *See, e.g., Am. Realty Trust, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005) ("the complaint must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim"); *Plummer v. CitiMortgage, Inc.*, No. 4:11-CV-804-A, 2012 U.S. Dist. LEXIS 58143, at *21–22 (N.D. Tex. Apr. 25, 2012) (dismissing breach of contract claims, stating "plaintiffs' complaint that defendant's 'assigning or transferring the note' was not 'in accordance with the terms of the contract' does not specify what contractual terms were violated or what was improper about these actions" and noting plaintiffs' failure to provide "any additional factual allegations to indicate what these contractual terms required...[or] to attach any document amounting to a contract that would shed further light on these statements"). As such, the breach of contract claim and H-2A contract claim are inadequately pled and should be dismissed.

**B.   Plaintiffs fail to establish standing to bring suit against Defendants under the FLSA.**

Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee. . . ."  29 U.S.C. § 203(d).  An "employee" is "any individual employed by an employer."  *Id*. § 203(e)(1).  It follows that, to have standing to state a claim under the FLSA, a plaintiff must allege sufficient facts to show that he was actually "employed" by each defendant:

> To establish standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision. . . . To demonstrate that they have standing, named plaintiffs in a class action must meet *every* element of standing as to *each* defendant, including alleging that they were injured by *each* defendant named in the suit.

*Joaquin v. Coliseum Inc.*, No. A-15-cv-00787-LY, 2016 U.S. Dist. LEXIS 91265 (W.D. Tex. July 13, 2016) (Austin, Mag.) (emphasis added, citations omitted) (recommending dismissal of complaint alleging joint employer liability).[3]

In *Joaquin*, the FLSA plaintiffs' joint employer allegations failed to sufficiently support standing.  *Id.* at *24 (citing *Kaminski v. BWW Sugar Land Partners*, No. CIV.A. H-10-551, 2010 U.S. Dist. LEXIS 123114, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) (dismissing complaint for failure to plead multiple employers' liability under the FLSA).  The *Joaquin* plaintiffs alleged affiliated companies were interrelated, and thus a joint employer; such a "single employer" or "common enterprise" theory fails to support standing because "FLSA liability is predicated only on an employee-employer relationship, not on defendants' involvement in a common enterprise."  *Id.* at *17 (merely alleging corporate relationship is insufficient to give

---

[3] The *Joaquin* plaintiffs did not object to the magistrate judge's recommendation during the fourteen day deadline.

standing for FLSA lawsuits).[4] Here, Plaintiffs make the very same mistake by failing to plead facts regarding individual employment relationships with each Defendant.  Plaintiffs' failure to state specific claims against each Defendant is apparent on the face of the pleadings.  Plaintiffs make conclusory statements that all of the defendants in this matter qualify as "joint employers" Compl. ¶ 87.  But the joint employer allegations are not sufficiently plead to support Plaintiffs' standing in this lawsuit.

1.      **Plaintiffs' joint employer allegations are insufficiently plead to show standing for their Complaint's allegations.**

To survive a motion to dismiss, Plaintiffs must do more than merely label entities as joint employers.  *See Howard v. John Moore, LP*, No. H-13-1672, 2014 U.S. Dist. LEXIS 42795, at *7 (S.D. Tex. Mar. 31, 2014) (granting motion to dismiss complaint that insufficiently plead joint employer allegation, and holding that "[a]t least some facts of the employment relationship must be set forth in order to make out a facially plausible claim of joint employer liability under the FLSA."); *see also Joaquin*, 2016 U.S. Dist. LEXIS 91265.  The Fifth Circuit adopted the economic realities test to determine if an employer-employee relationship exists, including in joint employer situations.  *See Velazquez v. El Pollo Regio IP, LLC et al.*, No. 3:15-cv-03170, 2016 WL 3669876 at *2 (N.D. Tex. Jul. 11, 2016) (citing *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012).  Under the economic realities test, the Court considers whether each alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*.

Plaintiffs make utterly conclusory statements that the Longfellow Defendants were "joint

---

[4] Citing *Martin v. BMS Enters.*, No. 3:09-CV-2159-D, 2010 U.S. Dist. LEXIS 66050, at *16 (N.D. Tex. July 1, 2010) (dismissing plaintiffs that failed to allege standing).

employers" with the other defendants in this matter. Compl. ¶87. Plaintiffs' attempt to support their conclusory assertion with another conclusory allegation that the Longfellow Defendants and others had an "employer relationship with Plaintiffs … including the ability to hire, pay, fire, supervise or otherwise control the work that Plaintiffs performed for them", without pleading facts sufficient to establish joint employment of Plaintiffs by the Longfellow Defendants. Merely alleging that entities or individuals are joint employers without explaining their relationship under the economic realities test fails to meet the pleading standard requiring Plaintiffs to state a claim for relief that is plausible on its face.[5]

**C.      Plaintiffs fail to plead a facially plausible claim that Defendants violated the FLSA.**

Plaintiffs allege that Longfellow Defendants violated the FLSA's minimum wage and overtime provisions. *See* Compl. ¶¶ 306 & 310.  But the only factual allegations regarding alleged FLSA violations in Plaintiff's Complaint relate to the H-2A Employer Defendants.  *See* Compl. ¶¶ 83-86.  Plaintiffs provide no specific examples of occasions when Plaintiffs worked more than forty hours in a week or failed to receive the minimum wage leaving the Court trying

---

[5] *See Joaquin*, U.S. Dist. LEXIS 91265 at *15 (dismissing complaint where plaintiffs failed to plead each defendant was each plaintiff's employer – plaintiffs did not provide "factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [various] defendants . . . [or] how [plaintiff's] employment was handled generally." (quoting *Escobedo v. Metal Protective Coating Professionals, Inc.*, No, 4:13-cv-2405, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013)); *Ping Chen v. Domino's Pizza, Inc.*, No. 09-017, 2009 WL 3379946 at * 5 (D.N.J. Oct. 16, 2009) (dismissing complaint where it contained "nothing more than a formulaic recitation of the elements of the cause of action"); *Cavallaro v. UMass Mem'l Health Care, Inc.*, No. 09-40152, 2011 WL 2295023 at * 3 (D. Mass. June 8, 2011) (dismissing complaint where it contained conclusory legal assertions including "at all relevant times, plaintiffs were employees under the FLSA."); *Mackereth v. Kooma, Inc.*, No. 14-04824, 2015 WL 2337273, at *5-7 (E.D. Pa. May 14, 2015) (dismissing one co-defendant for failure to allege sufficient facts to support that co-defendant was the plaintiffs' joint employer; "The only alleged connection between [the dismissed defendant] and the other named defendants is the assertion" of a common manager.).

to infer if, when, and to what extent this alleged work resulted in a statutory violation or whether the alleged violations occurred within the FLSA's statute of limitations. *See* Compl. ¶ 83.[6]

Only conclusory allegations establish the foundation of Plaintiffs' overtime and minimum wage claim. Even at the pleading stage, Plaintiffs are obligated to set forth *some* specific factual content that would establish a violation of law.

In completely conclusory fashion, Plaintiffs also allege "Defendants willfully violated Plaintiff's rights under the FLSA." *See* Compl. ¶¶ 307 & 311. But Plaintiffs provide absolutely no facts to show that the Longfellow Defendants knew or demonstrated reckless disregard for any alleged FLSA violations. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (a willful violation of the FLSA occurs if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.")

Plaintiffs' lack of specificity fails to meet the plausibility test required for their Complaint. *See, e.g., Coleman v. John Moore Services, Inc.*, No. H-13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014) (dismissing claims for failure to adequately plead alleged unpaid overtime hours because plaintiff must provide factual context).[7] The pleadings provide each of

---

[6] In fact, some events described in the Complaint fall outside of the FLSA's statute of limitations. *See* 29 U.S.C. § 255. *See, e.g.,* Compl. ¶ 104.

[7] Other federal courts recognize that complaints alleging FLSA violations must meet minimum pleading standards. *See e.g., Pruell v. Caritas Christi*, 678 F.3d 10, 12 (1st Cir. 2012) (complaint inadequate when simply alleging that putative class members "regularly worked" over forty hours per week and were not compensated for such time.); *Landers v. Quality Commcn's, Inc.*, No. 12-15890 (9th Cir. Nov. 12, 2014) (dismissing FLSA lawsuit for insufficient pleading; "Notably absent from the allegations in [Plaintiffs'] complaint, however, was any detail regarding a specific workweek when [plaintiff] worked in excess of forty hours and was not paid overtime for that specific workweek and/or was not paid minimum wages."). The Second Circuit affirmed the dismissal of a complaint similar to Plaintiffs' complaint when a plaintiff there "alleged only that in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5' times her rate of compensation. *Dejesus v. HF Mgmt. Services, LLC*, 726 F.3d 85, 89 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 918 (2014). Other courts agree. *See also Zhong v. August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007) (granting motion to dismiss

these Plaintiffs the opportunity to provide such factual context. Plaintiffs utterly fail, however, to allege with specificity facts showing the person(s) that allegedly knew about FLSA violations, how such knowledge was obtained or when such improper acts occurred. These allegations fail the plausibility standard because the Complaint (a) shows only a sheer possibility that (any one of the) Longfellow Defendants acted unlawfully and (b) does not permit the Court to infer more than the mere possibility of misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing FED. R. CIV. P. 8).

### D.  Plaintiffs failed to plead facts establishing FLSA coverage.

Plaintiffs must also allege that the Longfellow Defendants are covered by the FLSA. 29 U.S.C. § 203(s)(1)(A); *see Coleman*, 2014 U.S. Dist. LEXIS 1501, at *13.[8] But Plaintiffs fail entirely to allege FLSA coverage. The Complaint does not contain a sufficient factual basis to show either enterprise or individual coverage. *See Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) ("The FLSA guarantees overtime pay to employees engaged in the 'production of goods for commerce' ('individual coverage') or 'employed in an enterprise engaged in commerce or in the production of goods for commerce' ('enterprise coverage')."). Instead, the Complaint only contains an elementary and formulaic recitation of the statutory elements of FLSA coverage. Mere recitation of the statutory elements of FLSA coverage is not sufficient to state a claim. *See Lindgren v. Spears*, No. H-10-1929, 2010 U.S. Dist. LEXIS 136491, at *7

FLSA overtime claim where Plaintiffs "merely alleged that he worked 'beyond 40 hours per week'" for failure to adequately plead damages element); *Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (holding the following allegations were too conclusory to satisfy the *Twombly* pleading standard: "Plaintiffs and other assistant managers regularly worked regular time and overtime each week but were not paid regular and overtime wages in violation of the FLSA"); *Guevara v. Coastal Gulf & Int'l, Inc.*, No. 12-2277, 2013 U.S. Dist. LEXIS 62967 (E.D. La. May 2, 2013).

[8] Citing *Morrow v. J W Electric, Inc.*, No. 3:11-cv-19880D (SAF), 2011 U.S. Dist. LEXIS 132199, at *1-3 (N.D. Tex. Nov. 16, 2011) (merely pleading work as an electrician does not allege coverage).

(S.D. Tex. Dec. 27, 2010) ("[c]onclusory allegations [of FLSA coverage] that do no more than repeat the elements of the claim are insufficient."). Plaintiffs' unadorned accusations are the very type of threadbare allegations disavowed by *Iqbal* and are insufficient to state a plausible claim under the FLSA. Because Plaintiffs failed to adequately plead when they were not paid minimum wage or overtime or establish FLSA coverage Defendants request dismissal.

### E.    Plaintiffs Failed to Plead the Necessary Elements of a Viable Rico Claim.

To pursue any claim under RICO, a plaintiff must first adequately plead three elements: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.[9] *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007). In addition, when RICO claims are founded on predicate acts involving fraud, the underlying predicate acts must be plead with particularity under Rule 9(b). *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177–78 (5th Cir. 1997). As shown below, because Plaintiffs fail to plead any facts identifying all the required RICO elements, dismissal is proper pursuant to Rule 12(b)(6).

### 1.    Plaintiffs failed to sufficiently plead that defendants engaged in a "Pattern of Racketeering Activity."

A "pattern of racketeering activity" consists of two components: (1) two or more *predicate acts* (or racketeering activities); and (2) a *pattern* of such acts. *See In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993) (per curiam). Thus, a "pattern of racketeering activity" first requires that the "defendant personally committed" two predicate acts. *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994) (quoting *McLaughlin v. Anderson*, 962 F.2d 187, 192 (2d Cir. 1992)); *see* 18 U.S.C. § 1962. Moreover, a defendant does not engage in a "pattern" of

---

[9] "[E]ach concept is a term of art which carries its own inherent requirements of particularity."
*Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989).

racketeering activity unless the predicate acts "amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). In this case, Plaintiffs fails to adequately allege that the Longfellow Defendants committed two predicate acts, much less that the predicate acts are the type of long-term organized criminal activity that Congress intended RICO to reach.

### a. Plaintiffs Failed to Adequately Allege that Either of the Defendants Committed Two Predicate Acts.

Predicate acts consist of state and federal crimes that are specifically enumerated under § 1961(1). *See* 18 U.S.C. § 1961(1). "Any act that does not fall within the purview of RICO's definition of predicate offenses is not an act of 'racketeering activity.'" *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1001–02 (S.D. Tex. 1995).

Plaintiff alleges the "H-2A Employer-Defendants" committed visa fraud in violation of 18 U.S.C. § 1546. *See* Compl. at ¶ 264. But Plaintiff nowhere alleges facts that the Longfellow Defendants committed visa fraud. As previously noted, Rule 9(b)'s pleading requirements apply to RICO claims resting on allegations of fraud, and therefore, Plaintiffs must plead their fraud-based RICO claims with particularity. *See WMX Techs.*, 112 F.3d at 178 (stating that the complaint must set forth the who, what, when, and where of the specific alleged misrepresentations). In general, such a statement should include the "time, place, and contents of the false representation [ ], as well as the identity of the person making the misrepresentation and what that person obtained thereby." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

Plaintiffs' Complaint is ***entirely devoid of a factual basis for any predicate acts*** committed by the Longfellow Defendants. Plaintiffs have proffered no allegations in their Complaint to provide a factual basis for their contention that the Longfellow Defendants have

somehow violated 18 U.S.C. § 1546.  Plaintiffs have pleaded no facts that allege the Longfellow Defendants knowingly forged, counterfeited, altered, falsely made, procured by means of a false statement or claim, or otherwise procured by fraud or unlawfully obtained any visa in contravention of 18 U.S.C. § 1546.  And, even if Plaintiffs had alleged such additional facts, they would be required to satisfy Rule 9(b)'s particularly requirements for fraud, which they cannot do.  *See, e.g.*, *WMX Techs.*, 112 F.3d at 180 (ordering dismissal of RICO claim for failure to plead factual allegations pertaining to fraud with particularity as required by Rule 9(b)).

In sum, because the Complaint contains no factual basis for any of the predicate acts asserted, Plaintiffs' RICO claims are subject to dismissal.  *See, e.g.*, *Elliott*, 867 F.2d at  882 (affirming district court's dismissal of plaintiff's RICO claims under Rule 12(b)(6) because plaintiff failed to plead facts which would establish that defendants had violated the listed predicate acts).

**b.  Plaintiffs failed to adequately plead that any predicate acts amount to or pose a threat of continued criminal activity.**

Assuming, for the sake of argument, that Plaintiffs had adequately pled two predicate acts by the Longfellow Defendants—which they have not—Plaintiffs' RICO claim nevertheless must be dismissed because the Complaint fails to set forth facts sufficient to show that any of the generally alleged predicate acts "amount to or pose a threat of continued criminal activity." *H.J., Inc.*, 492 U.S. at 239.  Predicate acts of racketeering activity cannot form a "pattern" as required by the RICO statute unless the predicate acts have "continuity."  *Burzynski*, 989 F.2d at 742. Plaintiffs have not set forth any facts in support of their contention that the Longfellow Defendants pose a threat of continued criminal activity sufficient to plead "continuity."

**2.  Plaintiffs failed to allege the existence of an "enterprise."**

To establish a RICO enterprise, a plaintiff must plead the existence of an entity separate

and apart from the pattern of racketeering activity. *United States v. Turkette*, 452 U.S. 576, 583 (1981). A RICO enterprise can either be a legal entity or an association-in-fact. *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995). Here, there are no facts alleged the Complaint in support of the required existence of a RICO "enterprise" or that the Longfellow Defendants are part of the enterprise. Thus, Plaintiffs' RICO claim should be dismissed for lack of this necessary element. *See, e. g.*, *Walker v. Beaumont Indep. Sch. Dist.*, Civ. A. No. 1:15-CV-379, 2016 U.S. Dist. LEXIS 105022, at *13 (E.D. Tex. July 11, 2016) ("[Plaintiff's] pleading of an enterprise is simply a recitation of the statute. She asserts, 'Defendants . . . engaged in an enterprise to further racketeering activities against [Plaintiff].' . . . These conclusory allegations are insufficient to meet pleading standards under Rule 8(a) and Rule 12(b)(6)."); *Rivers v. Bank of Am. N.A.*, Civ. A. No. 3:15-CV-4002-G, 2016 U.S. Dist. LEXIS 83190, at *27 (N.D. Tex. June 3, 2016) (dismissing RICO claim pursuant to 12(b)(6) because "Plaintiff has pled no facts that suggest, let alone establish, the existent of an enterprise").

### 3. Plaintiffs failed to allege any violation of a substantive RICO provision.

In addition to pleading the common elements of a RICO claim—which, as discussed *supra*, Plaintiffs failed to do—Plaintiffs must also allege facts that establish Defendants' actions meet all the elements of at least one of RICO's substantive subsections. *See* 18 U.S.C. §§ 1962(a)–(d) (setting forth RICO's four "prohibited activities"). Plaintiffs have alleged that the Longfellow Defendants engaged in prohibited activity under 18 U.S.C. §§ 1962(c)&(d). But Plaintiffs failed to establish the Longfellow Defendants engaged in a RICO-prohibited activity under these subsections; this is alone sufficient to justify dismissal of Plaintiffs' RICO claim for failure to state a claim upon which relief can be granted. *See Moreno v. Curry*, Civ. A. No. 4:06-

CV-238-Y, 2006 U.S. Dist. LEXIS 81416, at *9 (N.D. Tex. Nov. 6, 2007) (dismissing RICO claim because plaintiff "fails to allege any set of facts that satisfies the elements of the prohibited activities listed in [the RICO] subsections").

### 4.    Plaintiff did not plead a violation of subsection §1962(c).

Section 1962(c) "prohibits any person employed by or associated with any enterprise from participating in or conducting the affairs of the enterprise through a pattern of racketeering activity." *Abraham*, 480 F.3d at 357. To state a claim against a defendant under § 1962(c), a plaintiff must sufficiently plead that the defendant directly and personally engaged in a "pattern of racketeering activity." *See* 18 U.S.C. § 1962(c).

The Longfellow Defendants have already established, first, that Plaintiffs failed to adequately plead that the Longfellow Defendants committed any predicate acts and, second, that Plaintiffs did not adequately plead continuity. *See* discussion *supra*. Plaintiffs consequently have failed to allege facts sufficient to state a claim that the Longfellow Defendants participated in the putative enterprise (assuming Plaintiffs pled an enterprise) through a pattern of racketeering activity pursuant to § 1962(c). *See, e.g.*, *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 778-79 (N.D. Tex. 2014) (finding plaintiff failed to adequately plead a violation of § 1962(c), and plaintiff's RICO claim was therefore dismissed pursuant to Rule 12(b)(6), where "Plaintiff simply identifie[d] the statute, provide[d] a general description of the conduct it prohibits, and then assert[ed] that the Defendants ha[d] violated the statute").

### 5.    Plaintiffs did not plead a violation of subsection §1962(d).

Section 1962(d) of RICO prohibits a person from conspiring to violate subsections (a), (b), or (c). *See* 18 U.S.C. § 1962(d). If the alleged violations of the preceding subsections fail, the RICO conspiracy claim under § 1962(d) must also fail. *See Succession of Wardlaw v.*

*Whitney Nat'l Bank*, 1994 U.S. Dist. LEXIS 15215, at \*15 (E.D. LA October 17, 1994). Because the Longfellow Defendants have conclusively shown in the foregoing analysis that Plaintiffs have not pled any facts that would support a RICO cause of action under § 1962(c) and Plaintiffs did not plead a violation of § 1962 (a) or § 1962(b) there can consequently be no RICO conspiracy under § 1962(d). *See, e.g.*, *Gordon*, 57 F. Supp. 3d at 780 (finding plaintiff "necessarily failed to state a claim for conspiracy to violate section 1962(c) under section 1962(d)" because plaintiff failed to state a claim against defendant under section 1962(c)); *Walker*, 2016 U.S. Dist. LEXIS 105022, at \*15 ("[Plaintiff's § 1962(d) claim fails because she has failed to state a viable claim under § 1962(c) . . . As a result, her claim of RICO conspiracy should also be dismissed.").

Assuming, *arguendo*, that Plaintiffs had sufficiently pleaded a RICO claim under §§ 1962(a), (b), or (c), the Complaint is nevertheless silent as to any allegations related to a RICO conspiracy under § 1962(d). To state a RICO conspiracy claim under § 1962(d), the plaintiff must specifically allege an "agreement involving each of the Defendants to commit at least two predicate acts." *Tel-Phonic Servs.*, 975 F.2d at 1140; *Crowe*, 43 F.3d at 206. Here, there are simply no allegations in the Complaint that the Longfellow Defendants entered into an agreement to commit two predicate acts, except for the conclusory statement that "[a]ll Defendants agreed and conspired to violate subsection (c) at 18 U.S.C. § 1962(c)…including the specific agreements in the form of the Clearance Orders and the work contracts of the ranches on the itineraries of Fermin Venegas and Felix Venegas, Sr." *See* Compl ¶ 271. This allegation does not provide any specificity regarding the Longfellow Defendants or about what agreement was allegedly reached with whom to commit at least two predicate acts. Accordingly, Plaintiffs have not pleaded a claim under § 1962(d). *See Tel-Phonic Servs.*, 975 F.2d at 1140 (dismissing

plaintiff's RICO conspiracy claim when the complaint "[did] not allege facts implying any agreement involving each of the Defendants to commit at least two predicate acts").

### F. Plaintiffs failed to plead a claim for quantum meruit.

Plaintiffs provide absolutely no facts to support their claim that the Longfellow Defendants should be liable under a quantum meruit theory for the difference in the prevailing wage rates between the agricultural jobs in the clearance orders and the alleged non-agricultural work duties performed by Plaintiffs. Plaintiffs have not pled any facts to establish there was either a contractual or employment relationship between the Longfellow Defendants and Plaintiffs to give rise to liability under a quantum meruit theory. Therefore, Plaintiffs' conclusory statement that the Longfellow Defendants should be liable for paying the prevailing wage rates to Plaintiffs is not sufficient to plead a claim for quantum meruit.

### III.

### CONCLUSION

Because Plaintiffs failed to establish standing to sue, failed to plead a plausible claim of an FLSA violation, breach of contract, breach of H-2A Contract, or RICO, Defendants respectfully request that the Court dismiss Plaintiffs' lawsuit and award Defendants all further and additional relief to which they are entitled.

Respectfully submitted,

*/s/ Sean M. McCrory*

Celeste Yeager (Attorney-in-Charge)
State Bar No. 00797715
Sean M. McCrory
State Bar No. 24078963
214.880.8100 (Telephone)
214.880.0181 (Telecopier)
cyeager@littler.com
smcrory@littler.com

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931

ATTORNEYS FOR DEFENDANTS
LONGFELLOW RANCH PARTNERS, LP,
LONGFELLOW RANCHES, LLC and MALONE
MITCHELL, JR.

## CERTIFICATE OF SERVICE

On February 16, 2018, I e-filed the foregoing document with the Court and served Plaintiffs' counsel of record via e-mail.

Jacob Wedemeyer
jwedemeyer@tria.org
Alberto Mesta, Jr.
amesta@trla.org

TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Ave.,
El Paso, Texas 79901
(915) 585-5100 (Telephone)
(915) 533-8823 (Facsimile)

ATTORNEY FOR PLAINTIFFS

*/s/ Sean M. McCrory*