**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

| | | |
|---|---|---|
| **ROLANDO RODRIGUEZ-MEZA, ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | **Civil Action No.** |
| | § | **2:17-CV-54–AM–CW** |
| **v.** | § | |
| | § | |
| **FERMIN VENEGAS, ET AL.,** | § | |
| **Defendants.** | § | |

## ORDER

Pending before the Court is Plaintiffs' opposed motion to file their third amended complaint. ECF No. 150.  In the motion, Plaintiffs seek leave to amend their complaint a third time against the remaining defendants, who the Court will collectively refer to as the Venegas Defendants.  The purpose of the amendment is:  (1) to clarify existing claims; and (2) to add a new defendant, Genesis Venegas Salmon.  After considering the motion, the Court finds that it should be granted in part.

## I.  RULE 15

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Determining when 'justice so requires' rests within the sound discretion of the trial court."  *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982).  In determining whether an amendment should be permitted,

> the trial court should consider whether permitting the amendment
> would cause undue delay in the proceedings or undue prejudice to the
> nonmoving party, whether the movant is acting in bad faith or with a
> dilatory motive, or whether the movant has previously failed to cure
> deficiencies in his pleadings by prior amendments.  The court may
> weigh in the movant's favor any prejudice that might arise from

denial of leave to amend. In keeping with the purposes of the rule, the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation. Finally the court should consider whether the amendment adds substance to the original allegations, and whether it is germane to the original cause of action.

*Id.*

## II. ANALYSIS

### A. Clarifying Facts

After considering the relevant factors, the Court concludes that Plaintiffs should be granted leave to clarify their claims. Plaintiffs unquestionably were dilatory in seeking to amend: Plaintiffs filed suit on September 13, 2017, but did not file the present motion to amend until June 30, 2019, twenty months later. Plaintiffs have already amended their complaint twice and attempted to amend their complaint a third time after the claims against numerous defendants were dismissed with prejudice for failure to state a claim. Despite being on notice of deficiencies in their complaint since September 27, 2018, when the court dismissed most claims of the moving defendants, Plaintiffs waited nine additional months to move to amend their complaint to clarify their claims against the Venegas Defendants.

Notwithstanding, Plaintiffs' motion to amend was timely and in accordance with the Court's scheduling order and Defendants' expectations. Plaintiffs and the Venegas Defendants conferred and agreed upon a deadline of July 1, 2019, to amend the pleadings, and Plaintiffs stuck to that deadline. "When, as here, 'a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness' that the non-movant must rebut to show undue delay." *Thomas v. Hughes*, No. 5:16-CV-951-DAE, 2018 WL 2996901, at \*4 (W.D. Tex. Feb. 22, 2018) (quoting *Sabre, Inc. V. Lyn Lea Travel Corp.*, No. Civ. A. 3:96-CV-2068R, 2003 WL 21339291, at \*5 (N.D.

Tex. June 5, 2003).  For delay to be undue, "it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004).

Defendants have not met this burden.  Although the Venegas Defendants contend that leave is not warranted because the court previously denied Plaintiffs leave to amend their complaint a third time, the previous order denying the motion to amend was directed toward Plaintiffs' attempt to revive claims against dismissed parties.  The Venegas Defendants, however, opted not to join the other defendants in filing a motion to dismiss and are not bound by that order.

Plaintiffs also bring no new causes of action against the Venegas Defendants and simply seek to add additional facts and to reorganize their complaint.  Therefore, the amendment is germane to the original cause of action, and should not create any undue delay or surprise.  Moreover, Plaintiffs could potentially suffer significant prejudice if not allowed to amend their complaint.  As the court previously noted, there are numerous problems with Plaintiffs' second amended complaint, and the Court presumes that the Venegas Defendants anticipated filing a dispositive motion at some point.  However, "[s]ummary disposition of litigation . . . is disfavored and amendments should be liberally granted so that all cases may be decided on their merits." *Cliff Food Stores, Inc. v. Kroger, Inc.*, 417 F.2d 203, 205 (5th Cir. 1969).  Accordingly, a clarifying amendment shall be allowed.

**B.  New Defendant**

Plaintiffs, however, shall not be permitted to amend their complaint to add a new defendant. Adding  Genesis Venegas Salmon will result in undue delay in that it will affect judicial economy. This case is over two years old, and the discovery deadline is February 12, 2020.  Adding another defendant would require additional discovery and a likely extension in the discovery deadline for a

second time.

Moreover, Plaintiffs waited two years to attempt to add Genesis Venegas Salmon as a defendant, an egregious delay in adding a new party. If the delay in filing a motion for leave to amend is particularly egregious, the burden shifts to the moving party to demonstrate that the delay "'was due to oversight, inadvertence, or excusable neglect.'" *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981) (quoting *Frank Adam Elec. Co. v. Westinghouse Elec. & Mfg. Co.*, 146 F.2d 165, 167 (8th Cir. 1945)). Plaintiffs have not explained the reason for the delay. Indeed, their initial complaint makes numerous references to the fact that Genesis Venegas Salmon processed the visa applications and even implicates her in the RICO conspiracy. In other words, her alleged involvement is not new and was known at least since Plaintiffs filed suit in 2017. Yet Plaintiffs, without explanation, waited two years to attempt to add Genesis Venegas Salmon as a defendant.

Most of the claims against Genesis Venegas Salmon would also be futile. Plaintiffs lump her in with the "Venegas Defendants," which include thirteen other defendants, bringing claims for breach of contract, quantum meruit, FLSA violations, and RICO violations. However, the only specific allegations pertaining to Genesis Venegas Salmon indicate that: 1. she operates a business in which she has prepared H-2A applications for all the Venegas Defendants through 2019, including the applications that produced Exhibits A through F; 2. she charges H-2A workers $1,000 each for their visas; and 3. she is associated with an enterprise whose common purpose is to maximize profits by employing H-2A workers under terms that are unlawful and materially less beneficial to those workers than what they were sworn they would be provided.

Plaintiffs wholly fail to state a claim for breach of contract, quantum meruit, or FLSA violations. For example, there are no allegations that Genesis Venegas Salmon was Plaintiffs'

employer, had any control over Plaintiffs' work, or had any contractual or equitable duty to pay Plaintiffs or provide services.

Plaintiffs' RICO claim, in turn, are mostly time-barred.[1]   There is a four-year statute of limitations period for RICO claims.  *Agency Holding Corp v. Malley-Duff & Assocs. Inc*., 483 U.S. 143 (1987).  Therefore, a cause of action that accrued later than June 30, 2015—four years prior to when Plaintiffs filed the present motion to amend—would be time-barred.  *Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000) (quotations omitted) ("When a plaintiff seeks to add a new defendant in an existing action, the date of the filing of the motion to amend constitutes the date the action was commenced for statute of limitations purposes.").[2]

A civil RICO claim accrues on the date "when a plaintiff knew or should have known of his injury . . . ."  *Rotella v. Wood*, 528 U.S. 549, 553-54 (2000).  "The Fifth Circuit has adopted a 'separate accrual' rule for civil RICO claims, which 'allows a civil RICO claim to accrue for each injury when the plaintiff discovers, or should have discovered, that injury.'" *DeShazo v. Nations Energy Co.*, 286 F. App'x 110, 117 (5th Cir. 2008) (quoting *Love v. Nat'l Med. Enters*., 230 F.3d 765, 773-75 (5th Cir. 2000)).  "The 'separate' accrual' rule, however, does not apply where a

---

[1] Contrary to Plaintiffs' assertion, a statute of limitations defense can indeed be considered in a motion to amend to add a new party.  *See Winzer v. Kaufman Cty.,* 916 F.3d at 464, 470 (5th Cir. 2019) ("A district court does not abuse its discretion in denying leave where claims against new defendants are barred by the statute of limitations.").

[2] This is not a scenario where an amendment to add an additional party "relates back" to the date of the filing of the initial complaint.  *See* Fed. R. Civ. P. 15(c).  An amendment to add an additional party relates back when:  (1) the claim asserted in the proposed amendment arises out of the same conduct set forth in the original pleading; (2) the added defendant received adequate notice of the original lawsuit; and (3) "the defendant knew that, but for a mistake concerning the identity of the defendant, the action would have originally been brought against the defendant."  *Winzer,* 916 F.3d at 470.  Rule 15(c)'s requirements are not satisfied when "the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity . . . ."  *Krupski v. Costa Crociere S. p. A*., 560 U.S. 538, 552 (2010).  Plaintiffs knew of the identity of Genesis Venegas Salmon from the very beginning of this case and were not mistaken about her identity, yet chose not to add her as a defendant until 2019.

plaintiff already knows or should know of the [injury]." *Id.*

Any claims arising out of visas obtained from the applications attached as Exhibits A, B, C, or D to the motion to amend are clearly time barred.  Work under the visas was completed in 2014 at the latest, well beyond four years before Plaintiffs sought to add  Genesis Venegas Salmon as a defendant.  Exhibit E, in turn, pertains to visas obtained for anticipated work from January 12, 2015, to November 12, 2015.  Any RICO claim pertaining to these visas, however, accrued at the latest in January 2015, when Plaintiffs should have known of their injuries—they were provided substandard amenities, began performing non-agricultural job duties, and received insufficient compensation.  The only clearance order that gives pause is Exhibit F, TX3354374, which only pertains to Plaintiff Hernandez-Torrez, for work from January 18, 2016, to April of 2016, when he purportedly was constructively discharged.

Based on undue delay, failure to state a claim, and the futility of all but potentially a small portion of the RICO claim, the Court concludes that justice does not require amendment of the complaint to add Genesis Venegas Salmon as a defendant.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiffs' motion to amend is **GRANTED IN PART**.  Plaintiffs shall file an amended complaint consistent with this Order, no later than **JANUARY 20, 2020.**

**SIGNED AND ENTERED** on January 10, 2020.

COLLIS WHITE
UNITED STATES MAGISTRATE JUDGE