**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DEL RIO DIVISION**

ROLANDO RODRIQUEZ-MEZA, *et al.,*       '

                                        '

            *Plaintiffs*                '

v.                                      '       No. 2:17-cv-00054-AM-CW

                                        '

FELIX VENEGAS, SR.,                     '
FELIX VENEGAS, JR.,                     '

                                        '

and VENEGAS CONSTRUCTION, LLC           '

                                        '

            *Defendants*                '

**DEFENDANTS,  FEXLIX VENEGAS, SR., FELIX VENEGAS, JR., and**
**FELIX VENEGAS CONSTRUCTION, LLC.,**
**MEMORANDUM IN OPPOSITION TO  PLAINTIFFS PROPOSED ATTORNEY FEES**

In accordance with this Court's Final Judgment and under Fed. R. Civ. P. 54 (d), Felix Venegas, Sr., Felix Venegas, Jr., and Felix Venegas Construction, LLC, present this Memorandum in Opposition to Plaintiffs Proposed Attorney Fees,  to the request for $420,532.52, in attorney fees and would respectfully show the following in support thereof.

**CERTIFICATE OF CONFERENCE**

The undersigned counsel certifies that he conferred one time with Jerome Wesevich, attorney for the Plaintiffs on December 21, 2023, over attorney fees claimed, as required by Local Rule CV – 54(b).  The undersigned counsel informed Mr. Wesevich, that he disagreed with the amount of attorney fees being requested as being excessive and  also not in compliance with the fees of local practicing attorneys in Federal Court.

## INTRODUCTION

Plaintiffs initially filed  FLSA and RICO claims against Fermin Venegas, et al. and Felix Venegas, Sr., et. al., in this Court as companion cases and pursued litigation against both parties up to and through March 21, 2023, when it was announced in open Court prior to trial on the merits that Plaintiffs had reached a settlement with Fermin Venegas, et. al., to the surprise of counsel for Felix Venegas, Sr. et. al.  The Court then continued the jury trial to May 18, 2023, wherein Felix Venegas, Sr. et al., were the sole remaining Defendants in this case.

Defendants assert that the Plaintiffs' attorney is attempting to collect attorney's fees from Felix Venegas, Sr., et. al.

For the attorney fees that should have been attributed and distributed on a fifty-fifty (50/50) basis to the hours spent on prosecuting Fermin Venegas,  et. al, Defendants, prior to March 21, 2023.

Counsel for Defendants would reiterate Plaintiffs' counsel recognition of Felix Venegas, Jr., who only employed one of the Plaintiffs, thereby lowering his joint and several liability to one-third (1/3) of the attorney fees that are approved by the Court.

## REASONABLE ATTORNEY FEE CALCULATION

Defendants adopt the reasonable calculation provided by Plaintiff's counsel of record.

## ARGUMENTS AND AUTHORITIES

Defendants challenge the reasonableness of Plaintiff's representation of hours expended and the hourly rate requested by Plaintiff's counsel of record.  Defendants are flabbergasted by Plaintiff's request for what they deem to be reasonable attorney fees of $420,532.52 for what he claims are 1005.7 hours of time and cost to prosecute this case.

Mr. Wesevich is attempting to recover attorney fees that should have been allocated to the Fermin Venegas, et. al. Defendants, but for a settlement agreement that did not include compensation for Plaintiff's attorney fees.

This Court vacated Plaintiff's claims of conspiracy to violate RICO and the RICO claim. Plaintiffs's counsel vigorously pursued the RICO action during discovery and at trial, obviating the amount of time spent on developing and presenting this issue at trial.

Due to Plaintiff's achieving partial success at trial, the Court should consider in its award of attorney fees, if the expenditure of counsel's time was reasonable in relation to the success achieved. *Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).*

Counsel for Plaintiffs presented a self-serving statement that he had eliminated all hours attributable to discovery and preparation time for trial and trial on the RICO issues, when he has presented no time records distinguishing the hours of work performed in furtherance of establishing the RICO claims, when Plaintiff has prevailed on some, but not all of its claim.

The Court should consider the potential impact of the partial success on the fee award. *Farrar v. Hobby, 506 U.S. 103, 114 (1992).*

Defendants further claim that Mr. Wesevich submitted time records that lack sufficient detail to present to the Court to be able to ascertain the time expended on promoting claims against Fermin Venegas, et. al., was reasonably necessary, redundant, or excessive. The records are replete and with vague entries such as "gather information communicate with Plaintiffs, review memos, speaking with co-counsels, correspondence, review documents, and other issues." It is appropriate to reduce the compensation of hours on this basis. *Hensley, 461 U.S. 433, H.J. Inc. v. Flygt Corp, 925 F.2d, 257, 260 (1991)*

Based upon Mr. Wesevich's representation of total hours expended excluded portions of time relating to the RICO claims, he does not relate to how much time he spent on pursuing the same claims against the Fermin Venegas, et. al. Defendants.

As such, it would obviate his spending a proportional amount of time pursuing his claims against the Fermin Venegas, et. al. Defendants and duplicating the amount of time spent on the Co-Defendants would calculate and be approximately near two thousand (2000) hours he spent on both of the Co-Defendants. This should suggest to the Court that Plaintiffs' counsel has "over lawyered" this case and is attempting to extract the total time spent on both Co-Defendants from one Defendant only.

## CONCLUSION

The Court should enter an Amended Final Judgment reducing the compensable number of hours that are allocated and determined only to the time equitably spent by Plaintiff's counsel on pursuing claims against Felix Venegas, Sr., et. al, and hold that Felix Venegas, Jr. is jointly and severally responsible for one one-third (1/3) of Defendant's attorney fees that is awarded by the Court

Respectfully submitted,

LAW OFFICES OF J.W. JOHNSON & JANA
JOHNSON, PLLC
135 W. Twohig ST.
San Angelo, TX 76903
Tel: 325 659 2542
Fax: 325 617 2250

By: */s/ J.W. Johnson*
  J. W. Johnson
  State Bar No. 10757600
  jlo@johnsonlawoffices.org
  Attorney for Felix Venegas Defendants

**5 |** P a g e

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th January, 2024, a true and correct copy was delivered as follows:

| | |
|---|---|
| **JEROME WESEVICH**<br>Texas Rio Grande Legal Aid, Inc.<br>1331 Texas Ave.<br>El Paso, Texas 79901<br>jwesevich@trla.org<br>**GREGORY SCOTT SCHELL**<br>Texas Rio Grande Legal Aid, Inc,<br>9851 Daphne Ave.<br>Palm Beach Gardens, FL 33410<br>Gschell99@gmail.com | Via Electronic Delivery: **X**<br>Certified Mail, Return Receipt<br>Requested: United States<br>RegularMail:<br>Overnight<br>Mail: Via<br>Facsimile<br>Transmission:<br>Hand-Delivery: |
| Electronic e-mail through the e-filing system:<br>jwesevich@trla.org<br>gschell99@gmail.com | |

DATED January __16th, 2024

/s/ *J.W.Johnson*_____
J.W. Johnson